1  **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                         **FOR THE DISTRICT OF ARIZONA**

8

9   Mark Lewellyn Lindsey,              )   No. CV-09-1869-PHX-DGC
                                        )
10              Plaintiff,              )   **ORDER**
                                        )
11  vs.                                 )
                                        )
12  Peter Michael Williams; Emilie Diane )
    Halladay; Ljubomir Peter Atanasoff;  )
13  John Robert Walston, Jr.; William Lee )
    Morris, Jr.; and Stephanie A. Stromfors, )
14                                       )
                Defendants.             )
15  _____)

16

17         Plaintiff filed a pro se complaint against Defendants on September 9, 2009.  Dkt. #1.

18  On March 3, 2010, Defendants Peter Williams and Emilie Halladay filed a motion to dismiss

19  the amended complaint (Dkt. #31) for failure to state a claim to relief.  Dkt. #39.  Defendant

20  Stephanie Stromfors filed a similar motion on March 8, 2010.  Dkt. #44.  Plaintiff failed to

21  respond to the motions within the time limit set forth in the rules of procedure.  *See* LRCiv

22  7.2(c); Fed. R. Civ. P. 6(d).  The Court issued an order giving Plaintiff until April 30, 2010

23  to file responses.  Dkt. #49.  Plaintiff has failed to comply with that order.  For reasons stated

24  below, the Court will dismiss this action without prejudice.

25         The Court advised Plaintiff that even though he is proceeding pro se, he is still

26  required to follow the Federal Rules of Civil Procedure and the Court's Local Rules of Civil

27  Procedure.  Dkt. #49 at 1-2 (citations omitted).  Plaintiff was provided information as to

28  where he could obtain copies of the rules.  *Id.* at 2.  The Court explicitly warned Plaintiff

that if he did not file responses to the motions to dismiss by the April 30, 2010 deadline, the Court would summarily grant the motions pursuant to Local Rule 7.2(i). Plaintiff was further warned that if he failed to prosecute this action, or if he failed to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *Id.* (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995)).

Before dismissing a case for failure to prosecute or failure to comply with the rules or an order, the Court must weigh five factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. *See Ghazali*, 46 F.3d at 53 (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

The first two factors favor dismissal. Plaintiff filed this suit more than eight months ago. Dkt. #1. He was served with the motions to dismiss in early March. Dkt. ##39, 44. He has had more than two months to respond to the motions, but has failed to do so. Because the Court and the public have a strong interest in judicial efficiency and the prompt resolution of litigation, Plaintiff's failure to prosecute this action weighs in favor of dismissal. The risk of prejudice to Defendants also weighs in favor of dismissal. Defendants forced to incur expenses and defend themselves in court are prejudiced by a plaintiff's failure to respond to motions or to prosecute the case in a timely and efficient manner. The fourth factor, as always, weighs against dismissal. As for the fifth factor, the Court concludes that a dismissal with prejudice would be unduly harsh. Dismissal without prejudice is, however, an appropriate alternative sanction. The overall five-factor analysis favors dismissal. The Court, therefore, will dismiss this action without prejudice for Plaintiff's failure to prosecute, his failure to follow the rules, and his failure to comply with the Court's order (Dkt. #49).

**IT IS ORDERED:**

1.      This action is **dismissed** without prejudice.

2.     The Clerk is directed to enter judgment accordingly.

DATED this 14th day of May, 2010.

_David G. Campbell_

David G. Campbell
United States District Judge